# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CHERYLYN BROOKS                                          CIVIL ACTION

VERSUS                                                   NO. 18-376

COX COMMUNICATIONS, LLC ET AL.                           SECTION "B"(5)

## ORDER AND REASONS

Plaintiff filed a motion to remand for lack of subject matter jurisdiction, alleging lack of diversity jurisdiction. Rec. Doc. 15. Cox Communications Louisiana, LLC timely filed a response in opposition. Rec. Doc. 17. Plaintiffs then sought, and were granted, leave to file a reply. Rec. Doc. 29. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants Cox Communications of Louisiana, LLC, Cox Communications, Inc., National General Insurance Company, and John Doe in Louisiana state court after a vehicle accident. Rec. Doc. 1-2. Plaintiff alleges that a Cox Communications of Louisiana, LLC and/or Cox Communications, Inc truck rear-ended her vehicle causing damages and injuries, and driver, John Doe, fled the scene of the accident. Id. at 1. Plaintiff is domiciled in Louisiana and alleges that John Doe, who driving the vehicle, is also domiciled in Louisiana and was on a mission for Cox Communications of Louisiana, LLC

1

and/or Cox Communications, Inc. Id. at 3. Defendants filed a notice of removal to federal court and an answer denying plaintiff's claims. Rec. Docs. 1, 3. Defendants removed on the basis of diversity jurisdiction, asserting that they are all domiciled in foreign states and that the domicile of John Doe is not relevant. Rec. Doc. 1 at 1. Defendants further assert that the amount in controversy exceeds $75,000. Id at 2. Defendants assert in a separate motion that they were not John Doe's employer and that he was not acting in the course and scope of any employment for them during the accident. Id. at 2.

Plaintiff filed the instant motion to remand the matter back to state court, claiming incomplete diversity between the parties on the basis of John Doe's citizenship, and asserting that the amount in controversy is below $75,000 as stated in her recently submitted stipulation. Rec. Doc. 15. Defendant filed a response in opposition disputing the amount in controversy and asserting that diversity of citizenship exists between the parties because the citizenship of John Doe should not be considered. Rec. Doc. 17.

Plaintiff argues that there is not complete diversity between parties because John Doe, the driver, is alleged in her complaint to be domiciled in Louisiana. Rec. Doc. 15. Plaintiff argues that the fictitious defendant is identifiable because she specifically describes the individual as an African-American male driving a Cox Cable vehicle and wearing a Cox shirt. Rec. Doc. 15-1 at 5.

2

Plaintiff asserts that she had time to interact with the identifiable John Doe, and therefore the court should consider his citizenship in determining diversity. Id. Furthermore, plaintiff asserts that the burden rests on defendants to prove that the driver was a citizen of another state, if that is the case. Id. at 7. As noted earlier, plaintiff provided a stipulation that her claim does not exceed $50,000. See Rec. Doc. 15-7 at 1.

Defendants assert that diversity jurisdiction existed at the time of removal and continues to exist. Rec. Doc. 17. Defendants assert in their notice of removal that they are domiciled in foreign states, and argue in their response that the fictitious defendant John Doe does not defeat diversity jurisdiction. Rec. Docs. 1, 17. Defendants state that the Court is statutorily obligated to disregard fictitious defendants in determining whether diversity exists. Rec. Doc. 17 at 3. Furthermore, defendants argue that there is no evidence that John Doe was a Cox employee or that he was domiciled in Louisiana. Id at 3-4.

**LAW AND ANALYSIS**

District Courts have original jurisdiction, called diversity jurisdiction, over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "in determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Id at (b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The main issues raised by the parties in the instant motion to remand are 1) whether the fictitious defendant John Doe defeats diversity, and 2) whether the amount in controversy is greater than $75,000. The notice for removal identifies the domicile of Cox Communications Louisiana, Cox Communications, Inc., and National General Insurance Company as located outside of Louisiana (Rec. Doc. 1 at 1) and plaintiff does not present any arguments opposing this in her motion, so it is not necessary to analyze the domicile of the other defendants.

A. Fictitious defendant John Doe does not defeat diversity

The text of the removal statute, 28 U.S.C. §1441(a), clearly states that "the citizenship of defendants sued under fictitious names shall be disregarded." Plaintiff asserts that cases from this district have identified an exception to the language of §1441(a), where a fictitiously-named defendant can be considered by a court if the allegations provide a "definite clue" about the

4

defendant's identity. Rec. Doc. 15-1 at 5-6. Plaintiff cites *Tompkins v. Lowe's Home Center, Inc.,* a 1994 case from this district, as support for her assertion. Rec. Doc. 15-1 at 5 (citing *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994)). However, a recent case from this district rejected *Tompkins'* holding, noting that *Tompkins* relied on a case that predated the addition of the language to §1441 instructing courts to disregard fictitious names. *See*, *Dupont v. Costco Wholesale Corp.*, No. 17-4469, 2017 WL 3309599, at *2 (E.D. La. Aug. 3, 2017). While a few older cases in this district have applied this exception, more recent cases have rejected this interpretation and continued to disregard the identity of fictitious defendants in evaluating diversity. *See Breaux v. Goodyear Tire & Rubber Co.*, No. 15-0837, 2015 WL 4635566, at *2 (E.D. La. Aug. 3, 2015) (holding that the language of §1441 is clear and explicit and acknowledging "the more recent cases in this circuit that have indicated that the language of §1441 does not allow for the definite clue jurisdictional exception. . .") ; *Alonzo v. Shoney's, Inc.*, No.00-3109, 2001 WL 15641, at *3 (E.D. La. Jan. 5, 2001) (noting that the Fifth Circuit has never addressed the "definite clue" argument but finding it unpersuasive "that the unambiguous language 'shall be disregarded' allows for the proposed exception."). The Fifth Circuit has held that §1441(a) does not apply when a fictitious defendant is identified, and a named party

is substituted for the John Doe defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). However, this is not the case before the Court today as plaintiff is not seeking to substitute John Doe with a named party. Therefore, this Court is not persuaded that the clear language of §1441 allows for an exception permitting the consideration of fictitious defendants. Fictitious defendant John Does cannot defeat diversity jurisdiction in this case.

   B. <u>Amount in Controversy</u>

When a case is removed from a state court that prohibits plaintiffs from petitioning for a specific monetary amount, as Louisiana does, the Fifth Circuit has held that "the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). This requirement is met if: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In this case, defendants did not provide summary judgment type evidence, so this Court considers only whether it is facially apparent from the removal petition that plaintiff's claims are likely to exceed $75,000. Defendants correctly note

that plaintiff's current condition does not control whether jurisdiction was proper at the time of removal, and that once the court's jurisdiction is established, subsequent events reducing the amount in controversy generally do not divest the court of diversity jurisdiction. Rec. Doc. 12 at 2. Therefore, in reaching its decision, this Court considers the injury and damages alleged in plaintiff's initial petition rather than her assessment of injuries now. Defendants noted in their removal petition that plaintiff's original complaint alleged that her injuries included herniations at C4-C5, C5-C6, L3-L4, and L4-L5, trapezius strain, thoracic strain, sacroiliac strain, left shoulder strain, left shoulder contusion, and injury to the muscles, nerves, tissues, joints and discs of the cervical and lumbar spine. Rec. Doc. 1-2 at 2. Plaintiff's damages further included:

> "past, present and future medicine, drugs, hospitalization, medical care, attendant and support care, loss wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, loss of enjoyment of life, loss of personal services and other psychological sequelae." Id. at 3.

A brief comparison to other cases where the Fifth Circuit applied the "facially apparent" test to determine whether the amount in controversy requirement was met aids the present analysis. In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit found that it was facially apparent from a plaintiff's original petition that damages exceeded $75,000 where the plaintiff alleged

damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and [] temporary inability to do housework after hospitalization." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Similarly, in *Gebbia v. Wal-Mart Stores, Inc.,* the Fifth Circuit held it was facially apparent that the plaintiff's claim exceeded $75,000 where plaintiff alleged injuries to her "right wrist, left knee and patella, and upper and lower back" and damages including "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Conversely, in *Simon v. Wal-Mart,* the Fifth Circuit held that the district court should have remanded the action because the plaintiff's claim of suffering "bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries . . . " was distinguishable from *Luckett. See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 (5th Cir. 1999). It was noted in the latter opinion that the plaintiff's complaint was not specific, alleged damages from less severe physical injuries and did not allege emotional distress, disability, impairments, or other claims that would have supported a larger monetary basis for federal jurisdiction. *Id.* Comparing

these cases to the present case, the injuries and damage alleged by this plaintiff fall closer to *Luckett* and *Gebbia* than *Simon.* Plaintiff alleged severe physical injuries, including multiple herniations as well as loss of wages, emotional distress, and other damages that support a larger monetary basis. Therefore, on its face plaintiff's complaint supports damages exceeding $75,000.

Plaintiff provided a stipulation limiting her damages to $50,000 exclusive of interest and costs and asserting that "it has become clear [she] did not suffer from a herniated disc in her spine; rather, she aggravated a pre-existing degenerative condition." Rec. Doc. 15-7 at 1. However, the Fifth Circuit cases cited above, and severe injuries alleged here, even in aggravation of preexisting severe medical conditions, establish the value of plaintiff's damages meets the diversity amount threshold.

New Orleans, Louisiana, this 10th day of December, 2018.

_____

SENIOR UNITED STATES DISTRICT JUDGE