| | |
|---|---|
| CHERYLYN BROOKS | CIVIL ACTION |
| VERSUS | NO. 18-376 |
| COX COMMUNICATIONS, LLC ET AL. | SECTION "B"(5) |

## ORDER AND REASONS

Defendants Cox Communications, Inc and Cox Communications Louisiana, LLC filed a motion for summary judgment in their favor and against plaintiff. Rec. Doc. 16. Plaintiff timely filed a response in opposition. Rec. Doc. 19. Defendants then sought, and were granted, leave to file a reply. Rec. Doc. 28. Defendants also filed a Motion to Strike two exhibits from plaintiff's response in opposition (Rec. Doc. 25), which the Court dismissed and instead viewed as defendant's reply to plaintiff's opposition. Rec. Doc. 30.

For the reasons discussed below,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Unopposed Motion to Vacate Scheduling Order and Unopposed Motion to Continue Trial Date (Rec. Doc. 32) is **DISMISSED AS MOOT**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a complaint against defendants Cox Communications Louisiana, LLC, Cox Communications, Inc., National

General Insurance Company, and John Doe in Louisiana state court alleging injuries and damages resulting from a vehicle accident. Rec. Doc. 16-5. Plaintiff asserts that she was rear-ended by a Cox Communications Louisiana, LLC and/or Cox Communications, Inc. (collectively "Cox Communications") vehicle, while the driver was on a mission for Cox Communications. Id. at 3. Defendant removed the case to federal court based on diversity jurisdiction, and filed an answer denying plaintiff's claims and asserting that the driver was not a Cox Communications employee and no Cox vehicle was involved. Rec. Doc. 3.

Defendants filed the instant motion for summary judgment, asserting that Cox Communications' Vehicle Tracking System shows that no Cox vehicles were involved in the alleged accident and it was therefore possibly a third-party contractor driving the vehicle. Rec. Doc. 16-3 at 2-3. Defendants attached affidavits in support of their assertion that the tracking data shows no Cox vehicle or employee matching plaintiff's description at the scene of the accident. Rec. Docs. 16-8, 16-9, 16-10. Plaintiff filed a response in opposition stating that defendants' assertion that the driver was a third-party contractor rather than a Cox Communications employee is a genuine dispute of material fact and therefore summary judgment should not be granted. Rec. Doc. 19 at 2. Plaintiff further asserts that the authentication of the tracking data submitted by defendants is contested evidence. Id.

at 3. Plaintiff attached an affidavit that included a picture of a vehicle matching the one involved in the accident, as well as an affidavit of plaintiff's husband relaying a call he made to Cox Communications. Rec. Docs. 19-2, 19-3. Defendants' reply asserts that plaintiff's husband's affidavit is inadmissible hearsay and argues that plaintiff has not established a genuine dispute of material fact. Rec. Docs. 25, 29.

**THE PARTIES' CONTENTIONS**

Defendants assert that they are entitled to summary judgement based on their evidence that no Cox Communications employee or vehicle was involved in the alleged accident and are therefor. Rec. Doc. 16-3. Defendants state that Cox vehicles are equipped with a Vehicle Tracking System known as 'Trimble', which records Cox vehicles' location and the time. Id. at 2. Defendants' assert that their record of vehicle activity in the Southeast Region of New Orleans shows no vehicles on Earhart Boulevard on December 12, 2016, between 2:30 p.m. and 2:35 p.m., when plaintiff asserts the accident occurred. Rec. Doc. 16-8. Additionally, defendants state that no damage associated with the December 12, 2016 accident was found or reported on any of its vehicles, and no Cox employee reported an accident in New Orleans on December 12, 2016. Rec. Doc. 16-3 at 3. Defendants state that the vehicle may have been a third-party contractor as they employ independent

third-party contractors who are required to have Cox signage on their vehicles and who may wear Cox logos on their shirts. Id.

Plaintiff's response in opposition asserts that there is a genuine dispute of material fact, specifically whether the accident involved a third-party contractor or a Cox Communications employee, and therefore summary judgment is not appropriate. Rec. Doc. 19. Plaintiff asserts that defendants have not irrefutably proven that the driver was an independent contractor, and that the authentication of the tracking data is contested evidence. Id. at 3. Furthermore, plaintiff asserts that her husband called Cox after the accident and was informed by a Cox representative that he knew who the driver was, as supported by the husband's affidavit. Id. Defendant asserts that plaintiff's husband's affidavit should be disregarded because it is inadmissible hearsay. Rec. Doc. 25.

## LAW AND ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must
"demonstrate the absence of a genuine issue of material fact" using
competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But
"where the non-movant bears the burden of proof at trial, the
movant may merely point to an absence of evidence." *Lindsey v.
Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the
movant meets its burden, the burden shifts to the non-movant, who
must show by "competent summary judgment evidence" that there is
a genuine issue of material fact. *See Matsushita Elec. Indus. Co.,
Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16
F.3d at 618.

Plaintiff has not presented a genuine dispute of material
facts. A material fact is a fact that might affect the outcome of
the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248
(1986). In this case, whether defendants can ultimately be held
liable for plaintiff's injuries depends on whether a Cox employee
was involved in the alleged accident with plaintiff, therefore it
is a material fact. The issue turns on whether there is a genuine
dispute as to this fact. In support of their motion, defendants
assert their vehicle tracking records show that no Cox vehicle was
present at the scene of the accident at the time it took place and
provide: an affidavit of the senior manager of fleet operations
supporting the vehicle tracking data, affidavits of the other Cox
employees who were later in the area and do not match plaintiff's

description of the driver, and an affidavit of the field operations vender manager stating that independent third-party contractors are required to have Cox signage on their vehicles and that many also have their employees wear Cox logos on their shirts. Rec. Doc. 16-8 to 16-11. In response, plaintiff contests defendant's characterization of the driver as a third-party contractor rather than a Cox employee and asserts that the tracking data is contested evidence. Rec. Doc. 19 at 3.

Plaintiff has not proffered any facts to dispute defendants' evidence that no Cox employee was involved in the accident or in support of its assertion that the vehicle "tracking data may be a result of alteration and/or manipulation (possibly) by the defendants." Rec. Doc. 19 at 3. The Fifth Circuit has held that a "nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at *2 (5th Cir. 2018) (citing *Hathaway v. Bazany,* 507 F.3d 312 (5th Cir. 2007)). Plaintiff only asserts that the individual who rear-ended her car was wearing a blue shirt with a Cox logo and a had a Cox decal on his vehicle. Defendants do not dispute these facts, but instead provide tracking evidence to demonstrate that no Cox employee or vehicle was at the scene of the accident. Rec. Doc. 16-8. As a potential explanation for why the individual may have been wearing a blue Cox shirt or may have had a Cox decal on his

vehicle, defendants explain that third-party contractors are required to have a Cox decal and many wear Cox logos on their shirts. Rec. Doc. 16-11. Defendants do not need to "irrefutably prove" that the individual who struck plaintiff was a third-party contractor, as plaintiffs assert. Rec. Doc. 19 at 2. Rather, as stated earlier, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey*, 16 F.3d at 618. Plaintiff bears the burden of proof at trial, so it is sufficient for defendants to demonstrate that there is an absence of evidence provided by plaintiff. Plaintiff's unsupported assertions will not be sufficient to overcome a summary judgment motion. The Fifth Circuit has held that "a party cannot defeat summary judgment with conclusory allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Peterson* at *2. Therefore, plaintiff's unsupported assertion that the vehicle tracking data may have been manipulated is not persuasive. Plaintiff provides no evidence to dispute or contradict defendants' evidence. Additionally, plaintiff's husband's affidavit is not considered as it contains hearsay and is not based on his personal knowledge. As defendants note, Mr. Brooks attests to what he learned from his wife via a phone call after the accident. Rec. Doc. 19-3. However, even considering the alleged statement by the Cox representative in the affidavit stating that "I know who it is," this alone does not rise above

the "presentation of only a scintilla of evidence." The evidence provided by defendants and plaintiff's lack of evidence would not allow a reasonable jury to return a verdict for the plaintiff, therefore summary judgment is proper.

New Orleans, Louisiana, this 10th day of December, 2018

_____
SENIOR UNITED STATES DISTRICT JUDGE